IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 6:17-cv-00070-NKM |
| BRUCE BOONE, ) | |
| both individually and in his capacity as Co- ) | |
| Trustee of the S&B Trust, ) | |
| ) | |
| MEREDITH BOONE, ) | |
| both individually and in her capacity as Co- ) | |
| Trustee of the S&B Trust, ) | |
| ) | |
| BURKE AND HERBERT BANK & TRUST ) | |
| COMPANY, and ) | |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## SECOND AMENDED COMPLAINT FOR FEDERAL TAXES

PLAINTIFF, the United States of America, at the request and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of Treasury, and at the direction of the Attorney General of the United States, seeks to reduce the assessments to judgment made against the taxpayers, Defendants Bruce Boone and Meredith Boone, in connection with the unpaid federal employment tax liabilities of JJB Technologies Network, Inc., which was later known as ECF, Inc. ("JJB Technologies"), and to foreclose on the real property commonly known as 711 Applegate Road and 877 Applegate Road, Appomattox, Virginia ("Real Property").

## JURISDICTION & VENUE

1. Jurisdiction over this action is conferred upon this court by virtue of 28 U.S.C. §§ 1331, 1340 and 1345, and 26 U.S.C. § 7402(a), and 7403.

2. Venue is proper in this district and division under 28 U.S.C. §§ 1391 and 1396.

## PARTIES

3. The plaintiff is the United States of America.

4. Defendant Bruce Boone resides in Appomattox, Virginia.

5. Defendant Meredith Boone, Bruce's spouse, resides in Appomattox, Virginia.

6. Defendants Bruce and Meredith Boone are co-trustees of the S&B Trust, which holds bare legal title to the Real Property on their behalf.

7. Defendant Burke & Herbert Bank & Trust Company is a corporation organized under the laws of the United States that may claim an interest in the Real Property.

8. Defendant Commonwealth of Virginia may claim an interest in the Real Property.

9. The Real Property is located within the jurisdiction of this Court. The deed to the Real Property covers a single plot of land with two structures on it, which are commonly known as 711 Applegate Road and 877 Applegate Road, Appomattox, Virginia. A true and correct deed showing the legal description of the Real Property is attached as Exhibit A to this complaint and is incorporated by reference.

## COUNT I
## REDUCE EMPLOYMENT TAX ASSESSMENTS TO JUDGMENT
## AGAINST BRUCE BOONE

10. The United States incorporates paragraphs 1 through 9, of the complaint as if fully set forth herein.

11. From July 1, 2001 through December 31, 2004, Bruce Boone was a person who was responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue

Service the federal income and Social Security taxes withheld from the wages of the employees of JJB Technologies. During this period, Bruce Boone was the President and Chief Executive Officer of JJB Technologies. He owned 50% of the corporation's stock. Bruce Boone held check-signing authority over JJB Technologies' financial account, and he signed the Employer's Quarterly Federal Tax Return (IRS Form 941) on JJB Technologies' behalf.

12. Bruce Boone willfully failed to withhold, collect, and pay over these taxes to the Internal Revenue Service. He allowed expenses to be paid, while these taxes were not being withheld, collected, and paid over.

13. In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury assessed against Bruce Boone the trust fund recovery penalties under 26 U.S.C. § 6672 for the taxable periods listed below. These assessments represent the federal income and Social Security taxes that were withheld from the wages of the employees of JJB Technologies for the taxable periods described below that were not paid over to the United States. The tax periods, dates of assessment, and amount of the initial assessment for these trust fund recovery penalties are as follows:

| Tax Period Ending | Date of Assessments | Amount of Assessments | Outstanding Balance as of August 28, 2017 |
|---|---|---|---|
| 9/30/2001 | 5/26/2003 | $151,374 | $267,495 |
| 12/31/2001 | 5/26/2003 | $146,167 | $279,653 |
| 3/31/2002 | 5/26/2003 | $122,362 | $234,108 |
| 6/30/2002 | 5/26/2003 | $80,276 | $153,586 |
| 9/30/2002 | 5/26/2003 | $63,427 | $121,351 |
| 12/31/2002 | 4/17/2006 | $69,787 | $114,571 |
| 6/30/2003 | 4/17/2006 | $6,775 | $11,123 |
| 9/30/2003 | 12/6/2004 | $39,073 | $67,968 |
| 12/31/2003 | 12/6/2004 | $5,561 | $9,930 |
| 12/31/2004 | 4/16/2007 | $4,967 | $7,555 |
| | | **Total:** | **$1,267,340** |

14. Notices and demands for payment of the assessments described in paragraph 13, above, were given to Bruce Boone in accordance with 26 U.S.C. § 6303.

15. Interest and costs have accrued on the assessments described in paragraph 13, above, since the dates of assessment, and will continue to accrue thereafter.

16. Despite the notices and demands for payment of the assessments described in paragraph 13, above, Bruce Boone has failed to pay the full amounts due and owing, and, as of August 28, 2017, there remains due and owing to the United States the sum of $1,267,340.

WHEREFORE, the plaintiff, United States of America, prays:

A. That the Court render judgment in favor of the United States and against Defendant Bruce Boone in the amount of $1,267,340, as of August 28, 2017, together with all interest that has accrued and will continue to accrue according to law relating to the federal employment tax liabilities of JJB Technologies Network, Inc., that were assessed against him for the periods ending September 30, 2001; December 31, 2001; March 31, 2002; June 30, 2002; September 30, 2002; December 31, 2002; June 30, 2003; September 30, 2003; December 31, 2003; and December 31, 2004.

## COUNT II
### REDUCE EMPLOYMENT TAX ASSESSMENTS TO JUDGMENT AGAINST MEREDITH BOONE

17. The United States incorporates paragraphs 1 through 16, of the complaint as if fully set forth herein.

18. From July 1, 2001 through December 31, 2004, Meredith Boone was a person who was responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service the federal income and Social Security taxes withheld from the wages of the employees of JJB Technologies. During this period, Meredith Boone was the Vice President and

Secretary of JJB Technologies. She owned 50% of the corporation's stock. Meredith Boone held check-signing authority over JJB Technologies' financial account.

19. Meredith Boone willfully failed to withhold, collect, and pay over these taxes to the Internal Revenue Service. She allowed expenses to be paid, including her own salary and her husband' salary, while these taxes were not being withheld, collected, and paid over.

20. In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury assessed against Meredith Boone the trust fund recovery penalties under 26 U.S.C. § 6672 for the taxable periods listed below. These assessments represent the federal income and Social Security taxes that were withheld from the wages of the employees of JJB Technologies for the taxable periods described below that were not paid over to the United States. The tax periods, dates of assessment, and amount of the initial assessment for these trust fund recovery penalties are as follows:

| Tax Period Ending | Date of Assessments | Amount of Assessments | Outstanding Balance as of August 28, 2017 |
|---|---|---|---|
| 9/30/2001 | 5/26/2003 | $151,374 | $267,495 |
| 12/31/2001 | 5/26/2003 | $146,167 | $279,653 |
| 3/31/2002 | 5/26/2003 | $122,362 | $234,108 |
| 6/30/2002 | 5/26/2003 | $80,276 | $153,586 |
| 9/30/2002 | 5/26/2003 | $63,427 | $121,351 |
| 12/31/2002 | 4/17/2006 | $69,787 | $114,584 |
| 6/30/2003 | 4/17/2006 | $6,775 | $11,123 |
| 9/30/2003 | 12/6/2004 | $39,073 | $67,968 |
| 12/31/2003 | 12/6/2004 | $5,561 | $9,930 |
| 12/31/2004 | 4/16/2007 | $4,967 | $7,557 |
| | | **Total:** | **$1,267,355** |

21. Notices and demands for payment of the assessments described in paragraph 20, above, were given to Meredith Boone in accordance with 26 U.S.C. § 6303.

22. Interest and costs have accrued on the assessments described in paragraph 20, above, since the dates of assessment, and will continue to accrue thereafter.

23. Despite the notices and demands for payment of the assessments described in paragraph 20, above, Meredith Boone has failed to pay the full amounts due and owing, and, as of August 28, 2017, there remains due and owing to the United States the sum of $1,267,355.

WHEREFORE, the plaintiff, United States of America, prays:

B. That the Court render judgment in favor of the United States and against Defendant Meredith Boone in the amount of $1,267,355, as of August 28, 2017, together with all interest that has accrued and will continue to accrue according to law relating to the federal employment tax liabilities of JJB Technologies Network, Inc., that were assessed against him for the periods ending September 30, 2001; December 31, 2001; March 31, 2002; June 30, 2002; September 30, 2002; December 31, 2002; June 30, 2003; September 30, 2003; December 31, 2003; and December 31, 2004.

## COUNT III
## DECLARE THAT THE BOONES ARE THE TRUE OWNERS OF THE REAL PROPERTY

24. The United States incorporates paragraphs 1 through 23, of the complaint as if fully set forth herein.

25. Bruce and Meredith Boone (the "Boones") purchased the Real Property, which is commonly known as 711 Applegate Road and 877 Applegate Road, Appomattox, Virginia, on October 28, 2002. (Ex. A.)

26. The Boones created the S&B Trust on October 10, 2003. The Boones were named as co-trustees. On that same day, the Boones transferred the Real Property to the S&B Trust for nominal consideration.

27.     The Boones, as the grantors of the S&B Trust, retain the right to alter, amend, or revoke the S&B Trust in whole or in part.  In addition, the Boones, in their capacity as trustees, have the right to sell or encumber the Real Property.

28.     S&B Trust holds bare legal title to the Real Property as a nominee of the Boones. The Boones are the true and equitable owners of the Real Property as they enjoy the benefits and incur the burdens of owning the Real Property.  The Boones continue to use the Real Property as their residence.  At the same time, the Boones have paid the real-estate taxes and mortgage.

WHEREFORE, the plaintiff, United States of America, prays:

C.  that the Court decree that Defendant S&B Trust is the nominee of Bruce and Meredith Boone, and thus the Boones are the true and equitable owners of the Real Property.

## COUNT IV
## FORECLOSE FEDERAL TAX LIENS AGAINST THE REAL PROPERTY

29.     The United States incorporates paragraphs 1 through 28 of the complaint as if fully set forth herein.

30.     A delegate of the Secretary of the Treasury of the United States made various assessments against Bruce Boone and Meredith Boone as described in paragraphs 13 and 20, above.

31.     Federal tax liens arose upon assessment of the trust fund recovery penalties described in paragraphs 13 and 20, above.  These federal tax liens attached to all of the Bruce Boone's and Meredith Boone's property and rights to property then owned or thereafter acquired, including the Real Property.

32.     At the time of the transfer of bare legal title of the Real Property from the Boones to the S&B Trust on October 10, 2003, federal tax liens had arisen for the tax periods ending on

September 30, 2001, December 31, 2001, March 31, 2002, June 30, 2002, and September 30, 2002. Thus, the transfer was made subject to these federal tax liens.

33. After the transfer of the Real Property, the IRS federal tax liens arose for the periods ending December 31, 2002, June 30, 2003, September 30, 2003, December 31, 2003, and December 31, 2004. These tax liens also attached to the Real Property as it was held in a revocable grantor trust where the Boones were both the settlors and co-trustees.

34. Because the S&B Trust is the nominee of the Boones, the United States' federal tax liens attach to all of the property and rights to property owned by the S&B Trust, which includes the Real Property.

35. Defendant Burk & Herbert Bank & Trust Company may claim an interest in the Real Property by virtue of a deed of trust originally recorded on October 29, 2002 at instrument number 200202611 with the Clerk's Office of Appomattox County, Virginia. This deed of trust was subsequently modified on November 6, 2002, and June 30, 2009.

36. Defendant Burk & Herbert Bank & Trust Company may also claim an interest in the Real Property by virtue of a second deed of trust originally recorded on June 30, 2003, at instrument number 200301673 with the Clerk's Office of Appomattox County, Virginia. This deed of trust was subsequently modified on August 28, 2008.

37. The Commonwealth of Virginia may claim an interest in the Real Property by virtue of a memorandum of lien against Bruce Boone for converted assessments for tax periods from October 1, 2004 through June 30, 2005, which was recorded on January 14, 2013, with the Clerk's Office of Appomattox County, Virginia, at Judgment instrument number 201300037.

WHEREFORE, the plaintiff, United States of America, prays:

D. That the Court order and adjudge that the United States of America has valid and subsisting federal tax liens against the property and rights to property owned by Defendants Bruce Boone and Meredith Boone, including their interest in the Real Property;

E. That the Court determine the respective interests of the parties in the Real Property;

F. That the Court order and adjudge that: the federal tax liens against Defendants Bruce Boone and Meredith Boone be foreclosed, and that the Real Property to be sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein, and that the proceeds of the sale be distributed in accordance with the rights of the parties determined

herein, with the amounts attributable to the interest of Bruce Boone and Meredith Boone be paid to the United States to be applied against his liabilities; and

    G. That this Court grant such other and further relief that is just and equitable.

Date: February 7, 2018,

        ANTHONY GIORNO
        Attorney for the United States
        Acting Under Authority Conferred
        By 28 U.S.C. § 515

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General
        Tax Division

        */s/ Ari D. Kunofsky*
        ARI D. KUNOFSKY
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 227
        Washington, D.C. 20044
        Telephone: (202) 353-9187
        Facsimile: (202) 514-6866
        Email: Ari.D.Kunofsky@usdoj.gov

        *Counsel for the United States*